<u>NOT FOR PUBLICATION</u>

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| **RAMADA WORLDWIDE INC.**, a Delaware Corporation | |
| Plaintiff, | Civil Action No. 13-4472 (ES) |
| v. | **MEMORANDUM OPINION & ORDER** |
| **STEVE YOUNG KIM**, an individual; and **YOUNG SOON KIM**, an individual, | |
| Defendants. | |

**SALAS, DISTRICT JUDGE**

This matter comes before the Court on the motion of plaintiff Ramada Worldwide Inc. ("RWI" or "Plaintiff") for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2), and the Court having considered Plaintiff's submissions, (D.E. No. 8), and it appearing that:

1. On July 24, 2013, RWI commenced this action, alleging that Defendants Steve Young Kim and Young Soon Kim ("Kim" or "Defendants") breached a license agreement between RWI and Defendants. (D.E. No. 1, Complaint ("Compl.") ¶¶ 19-24; *see also* Compl., Ex. A ("RWI-Kim Agreement")).

2. On August 12, 2013, Defendants were served with a copy of the Summons and Complaint. (D.E. No. 5).

3. The time for answering RWI's Complaint has expired, and Defendants have neither been granted an extension of time within which to answer, nor interposed an answer nor otherwise responded to the Complaint.

4. On September 9, 2013, RWI sent the Clerk of the Court a request for entry of default against Defendants. (D.E. No. 6).

5. On September 13, 2013, the Clerk of the Court entered default against Defendants. (D.E. dated September 13, 2013).

6. By letter dated September 17, 2013, RWI served Defendants with a copy of its request for entry of default and the Clerk's resulting entry of default. (*See* D.E. No. 8-2, Certification of Bryan P. Couch in Support of Motion for Final Judgment by Default ("Couch Cert.") ¶ 8; Couch Cert., Ex. A).

7. On March 3, 2014, RWI filed the instant motion seeking default judgment against Defendants. (D.E. No. 8).

8. "Before granting a default judgment, the Court must determine (1) whether there is sufficient proof of service, (2) whether a sufficient cause of action was stated, and (3) whether default judgment is proper." *Teamsters Health & Welfare Fund of Phila. & Vicinity v. Dubin Paper Co.*, No. 11-7137, 2012 WL 3018062, at *2 (D.N.J. July 24, 2012) (internal citations omitted).

9. First, the Court finds that there is sufficient proof of service because, on August 12, 2013, Defendants were personally served with a copy of the Summons and Complaint. (D.E. No. 5).

10. Second, the Court finds that RWI stated a sufficient cause of action. In New Jersey, a plaintiff must allege three elements to state a cause of action for breach of contract: "(1) a valid contract, (2) breach of that contract, and (3) damages resulting from that breach." *Ramada Worldwide Inc. v. Courtney Hotels USA, LLC*, No. 11-896, 2012 WL 924385, at *3 (D.N.J. Mar. 19, 2012). Here, RWI has alleged that: (1) there was a contractual

relationship based on a license agreement that set forth certain obligations and consequences for failing to meet these obligations, (Compl. ¶¶ 7-18); (2) the Defendants breached the license agreement when they failed to perform certain obligations, (*id.* ¶¶ 19-24); and (3) RWI suffered damages as a result of Defendants' breach, (*id.* ¶¶ 19-24, 32, 41) (seeking damages because Defendants failed to pay recurring fees and liquidated damages pursuant to the parties' agreement). Notably, "[a] consequence of the entry of a default judgment is that the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990) (internal quotation marks omitted); *see also Knights Franchise Sys., Inc. v. Gauri Shivam LLC*, No. 10-5895, 2011 WL 2909321, at *2 (D.N.J. July 18, 2011) ("Because Defendants failed to respond in any way to the Complaint, the Court must accept the truthfulness of [Plaintiff's] well pled allegations."). RWI has therefore sufficiently alleged a cause of action for breach of contract.

11. Third, the Court concludes that entry of default judgment against Defendants is appropriate. To determine whether granting default judgment is proper, the Court must make factual findings as to: "(1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008). Here, Defendants have failed to proffer a meritorious defense in response to RWI's claims. Moreover, the alleged facts do not indicate the existence of a meritorious defense. *See Surdi v. Prudential Ins. Co. of Am.*, No. 08-225, 2008 WL 4280081, at *2 (D.N.J. Sept. 8, 2008). The Court also finds that RWI will suffer prejudice if the Court does not enter default judgment because RWI has no other means of

seeking damages for the harm caused by Defendants. *See Gowan v. Cont'l Airlines, Inc.*, No. 10-1858, 2012 WL 2838924, at *2 (D.N.J. July 9, 2012); *see also Ramada Worldwide*, 2012 WL 924385, at *5 ("If a default judgment is not entered, RWI will continue to be harmed because it will not be able to seek damages for its injuries due to defendant's continuing refusal to participate in this case. Furthermore, the amounts owed on the recurring fees and the liquidated damages are subject to interest." (internal quotation marks, citations, and alterations omitted)).  Finally, Defendants are culpable because, although they had notice of this action, they failed to properly participate. *See Ramada Worldwide*, 2012 WL 924385, at *5.

Accordingly, IT IS on this 21st day of October 2014,

**ORDERED** that Ramada Worldwide Inc.'s motion for default judgment, (D.E. No. 8), is hereby GRANTED;

**ORDERED** that judgment is entered against Steve Young Kim and Young Soon Kim in favor of Ramada Worldwide Inc. in the amount of $376,575.93, given the following showing by Ramada Worldwide Inc.:

1. $256,490.88 for liquidated damages (principal plus prejudgment interest), (*see* D.E. No. 8-3, Affidavit of Suzanne Fenimore in Support of Motion for Final Judgment by Default ("Fenimore Aff.") ¶¶ 22-28; Fenimore Aff., Ex. F; RWI-Kim Agreement ¶¶ 7.3, 12.1, 18.1);

2. $115,267.21 for recurring fees, (*see* Fenimore Aff. ¶ 21; Fenimore Aff., Exs. E-F);

3. $4,817.84 for attorneys' fees and costs, (*see* Couch Cert. ¶¶ 9, 11; Couch Cert., Ex. B); and it is further

**ORDERED** that beyond the date of this Judgment, post-judgment interest with respect to liquidated damages will continue to accrue at that rate allowed by law until the Judgment is paid in full; and it is further

**ORDERED** that the Clerk of the Court shall CLOSE this matter.

*/s/ Esther Salas*
**Esther Salas, U.S.D.J.**